UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JAVIER PORTILLO ET AL | CIVIL ACTION NO. 15-cv-1048 |
| VERSUS | JUDGE JAMES |
| PERMANENT WORKERS L L C ETAL ET AL | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Before the undersigned, on remand from the district judge, are the defendants' joint objections to the undersigned's previously issued report and recommendation [Rec. Doc. 49] on the plaintiff's motion for attorney's fees and costs. [Rec. Doc. 45]. The motion is opposed [Rec. Doc. 47] and was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. On reconsideration, and for the following reasons, the earlier report and recommendation [Rec. Doc. 49] is withdrawn and the following is substituted, by which it is recommended that the plaintiff's motion for attorney's fees and costs be denied.

## Background

On April 2, 2015, the plaintiff Javier Portillo filed a collective action, on behalf of himself and others similarly situated, against defendants Permanent Workers, LLC, Conrad Industries, Inc., and Danny Cepero. Portillo alleged that the

defendants failed to pay their employees overtime wages for the time they worked in excess of forty hours per week in violation of the Fair Labor Standards Act ("FLSA").[1] Portillo sought unpaid wages, interest, liquidated damages, and attorney's fees. On May 4, 2015, Raul Soto filed a consent form to join the lawsuit as a plaintiff.[2]

On May 15, and June 1, 2015, the defendants filed answers to the collective action and asserted that they had no record of an employee named "Javier Portillo."[3] As a result, the defendants filed a motion for summary judgment and contended that Portillo failed to establish a violation of the FLSA because they did not have an employment relationship with Portillo.[4] In opposition, and for the first time in this case, Portillo admitted that he worked for the defendants under the name "Felix Seranno," along with a social security number associated therewith.[5] The defendants' motion for summary judgment was granted and Portillo appealed.[6] The Fifth Circuit Court of Appeal vacated the judgment and remanded the case.[7]

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 3.
[3] Rec. Docs. 4 (answer filed by Permanent Workers, LLC and Danny Cepero), and 7 (answer filed by Conrad Industries, Inc.).
[4] Rec. Doc. 10.
[5] Rec. Doc. 15.
[6] Rec. Docs. 26, 27.
[7] Rec. Doc. 31.

While the defendants' motion for summary judgment was pending, Portillo filed a motion for conditional class certification.[8] The motion for conditional class certification was still pending when the case was remanded. On December 20, 2016, a status conference was held, during which the parties discussed whether Raul Soto remained a party to this action but ultimately agreed that the case would move forward with Portillo's individual claim.[9] Portillo was ordered to file a memorandum, outlining his position as to whether Raul Soto was a party to the action, and if so, what effect, if any, his presence had on the action.[10] Portillo failed to respond, and an additional order issued on January 18, 2017, setting an extended deadline by which a memorandum was to be filed.[11] No memorandum was ever filed, and Raul Soto filed a voluntary motion to dismiss on February 14, 2017, which was granted on February 23, 2017.[12]

On November 20, 2017, the parties filed a joint motion to approve their FLSA settlement.[13] Pursuant to the settlement, Portillo received $2,610.00, representing $1,305.00 in unpaid wages and an equal amount in liquidated damages.[14] The parties did not agree on attorney's fees and costs; rather, they acknowledged that Portillo

---

[8] Rec. Doc. 19.
[9] Rec. Doc. 36.
[10] Rec. Doc. 37.
[11] Rec. Doc. 40.
[12] Rec. Doc. 41.
[13] Rec. Doc. 44.
[14] Rec. Doc. 44-1, p. 2, ¶¶ 5, 6.

would apply to the Court for his attorney's fees and costs, and the defendants reserved their right to contest the application and his right to recover same.[15] On February 28, 2018, the parties' joint motion was granted, and the settlement was approved.[16] Thus, the sole remaining issue is Portillo's motion for attorney's fees and costs.[17] Portillo seeks an award of $37,450.00 in attorney's fees and $978.00 in costs. For the reasons that follow, the undersigned finds that Portillo is estopped from recovering attorney's fees and costs herein.

## Law and Analysis

### A. Standard for an Award of Attorney's Fees and Costs

To determine whether attorney's fees should be awarded in a lawsuit under the FLSA, the district court engages in a three step process. First, the district court determines whether the party is entitled to recover attorney's fees and costs.[18] The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow reasonable attorney's fees to be paid by the defendant, and costs of the action."[19] "Although the provision does not specifically mention a 'prevailing party,' the courts have construed the provision as requiring the party being awarded attorney's fees to be the prevailing party, similar to other fee-shifting

---

[15] *Id.* at p. 2, ¶ 8.
[16] Rec. Doc. 48.
[17] Rec. Doc. 45.
[18] *See Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006).
[19] 29 U.S.C. § 216(b).

jurisprudence."[20] Second, the district court must determine the amount of attorney's fees to be awarded, using the lodestar method, which is generally calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate.[21] Third, after making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[22]

### B. Portillo is Estopped from Recovering Attorney's Fees or Costs

The defendants contend that Portillo should be estopped from recovering attorney's fees or costs because he committed fraud against the defendants and the Court. The defendants' argument is based on the following facts: (1) Portillo misrepresented his identity, by using a social security number and submitting false documents associated with the name "Felix Serrano," in order to obtain employment;[23] (2) Portillo did not disclose that he fraudulently worked under an

---

[20] *Champion v. ADT Sec. Servs., Inc.*, 2010 WL 4736908 *1 (E.D. Tex. 2010) (citing *Saizan*, 448 F.3d at 799 n.7).

[21] *Saizan*, 448 F.3d at 799; *Strong v. BellSouth*, 137 F.3d 844, 850 (5th Cir. 1998); *Combs v. City of Huntington*, 829 F.2d 388, 392 (5th Cir. 2016) (citing *Jimenez v. Wood Cty.*, 621 F.3d 372, 379-380 (5th Cir. 2010)).

[22] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Johnson*, 488 F.2d at 717-19.

[23] The defendants' records indicate that Mr. Portillo's employment application, medical questionnaire, and I-9 were all submitted using the false identity and social security number associated with the name "Felix Serrano." Rec. Doc. 18-1.

assumed name until the defendants filed their motion for summary judgment herein; and (3) this litigation was unnecessary, because the defendants previously issued an unclaimed check, payable to Portillo's assumed name "Felix Serrano," in the same amount calculated and agreed upon to settle this lawsuit.

"Equitable estoppel 'is a judicial remedy by which a party may be precluded, by its own acts or omissions, from asserting a right to which it otherwise would have been entitled.'"[24] "The doctrine of equitable estoppel is deeply rooted in the equitable principle that no one should be permitted to profit from his own wrongdoing in a court of justice."[25] "[C]ourts have allowed the defense of estoppel in a FLSA action where a plaintiff affirmatively misleads a defendant employer."[26]

Each of the defendants herein asserted the affirmative defense of estoppel in their answers to Portillo's FLSA complaint. Permanent Workers, LLC and Danny Cepero filed an answer on May 15, 2015, in which they asserted as their twelfth defense: "Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the doctrine of estoppel, judicial or equitable."[27] Likewise, Conrad Industries, Inc. filed an answer on June 1, 2015, in which it asserted the same

---

[24] *Ebeyer v. United States*, 114 Fed. Cl. 538, 550 (2014) (quoting *Carter v. United States*, 98 Fed. Cl. 632, 638 (2011) (citation and internal quotation marks omitted)).
[25] *McGregor v. Louisiana State Univ. Bd. of Sup'rs*, 3 F.3d 850, 865 (5th Cir. 1993).
[26] *Blanc v. Safetouch, Inc.*, No. 07-1200, 2008 WL 4059786, at *2 (M.D. Fla. Aug. 27, 2008) (citing, *e.g.*, *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972)).
[27] Rec. Doc. 4, p. 3.

as its twelfth defense.[28] They further pursued this defense in a reply brief to their motion for summary judgment, and the Fifth Circuit recognized their equitable assertions on appeal.[29]

Although the parties to this lawsuit reached an amicable settlement which entitled Mr. Portillo to an award of unpaid wages and liquidated damages, the fact remains that Mr. Portillo gave false information to his employer, in order to obtain and maintain employment. He then persisted in that falsehood until such time as the defendants herein filed a motion for summary judgment on the FLSA claim, on the basis of having no record of Mr. Portillo's employment, which forced Mr. Portillo's admission that he "worked [for the defendants] under the assumed name of Felix Serrano."[30] In light thereof, it was discovered that, prior to this lawsuit being filed, and as the result of a Department of Labor investigation, the defendants tendered to Mr. Portillo, via his assumed identity of Felix Serrano, a check in the same amount for which this lawsuit was settled. But for Mr. Portillo's wrongdoing in assuming that false identity to which the unclaimed check was written, this lawsuit would not have been necessary.

---

[28] Rec. Doc. 7, p. 3.
[29] Rec. Doc. 18, pp. 5-8 (reply brief); Rec. Doc. 31, p. 5 n.5 ("Specifically, Defendants argued that Portillo should be [] equitably estopped from any benefits derived under the assumed identity of 'Felix Serrano[]' . . . ").
[30] Rec. Doc. 15-1, p. 1, ¶ 2.

In *Brumbelow v. Quality Mills, Inc.*, the Fifth Circuit clearly stated that a plaintiff, like Mr. Portillo, is "estopped and [may] not profit from [his] own wrongdoing in furnishing false data to the employer."[31] *Brumbelow* was an FLSA case concerning the wages of a homeworker who assembled electric light pull cords in her home. Pursuant to company policy, the homeworker was required to satisfy a minimum production of a certain number of units per eight-hour day, in order to maintain her job. Although it took her longer to complete the requisite production, the homeworker falsely reported to her employer that she met the requirements during eight-hour days, and then filed an FLSA claim seeking compensation for the extra hours actually worked. In *Brumbelow*, the Fifth Circuit was reviewing the district court's decision to grant a directed verdict for the employer in a jury trial. Because there was no evidence that the employer either encouraged, or knew or should have known of, false reporting, the Fifth Circuit held that the homeworker was estopped from recovering overtime compensation under the FLSA and could not profit from her own wrong.[32] *Brumbelow* therefore confirms the availability of the affirmative defense of estoppel in an FLSA case.[33]

---

[31] *Brumbelow*, 462 F.2d at 1327 (citations omitted).
[32] *Id*.
[33] *See also Blanc, supra,* 2008 WL 4059786, at *2; *Tran v. Thai*, No. 08-3650, 2010 WL 5232944, at *7 n.3 (S.D. Tex. Dec. 16, 2010) ("Courts have found that estoppel may be asserted under the FLSA . . ."); *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592, at *2 (M.D. Fla. June 14, 2006) ("Defendant states a valid affirmative defense based on estoppel . . . where the employee affirmatively misleads the employer.").

Furthermore, though not binding, the undersigned finds persuasive the reasoning of the Southern District of Florida, in *Stabielli v. Eagle Roofing*, which suggests that the defense is equally available to parties who have already settled an FLSA claim and seek only to defend against a claim for attorney's fees, as in the instant case.[34] In *Stabielli*, the plaintiff was terminated on June 18, 2012; then consulted an attorney within days of her termination; met with her would-be FLSA attorney within two weeks; formalized a retainer with her FLSA attorney on July 13, 2012; and filed an FLSA claim for unpaid overtime wages on July 17, 2012.[35] Meanwhile, on July 13, 2012, in her ongoing child custody and support proceedings in which her husband sought to reduce his support obligations, the plaintiff filed a sworn affidavit, in which she failed to disclose her FLSA lawsuit, despite being required to disclose, *inter alia*, "possible lawsuits."[36] The *Stabielli* court found that the plaintiff's failure to disclose her FLSA claim was the legal equivalent of representing that it did not exist, and therefore her pursuit of the FLSA claim was inconsistent with her prior sworn representation that the claim did not exist.[37] Because the plaintiff had a "clear motivation to conceal [the FLSA] claim in [her child support] proceedings," the plaintiff was "judicially estopped from pursuing her

---

[34] *Stabielli v. Eagle Roofing Products Florida, LLC,* 12-80766, 2013 WL 12101139 (S.D. Fla. Aug. 19, 2013).
[35] *Stabielli*, 2013 WL 12101139, at *1.
[36] *Id*.
[37] *Id* at *2.

FLSA claim[.]"[38] However, because the parties had already resolved the FLSA claim via a settlement agreement, the *Stabielli* court found that "the implication of [the] ruling [was] that Plaintiff's counsel shall not be entitled to attorney's fees."[39]

As noted above, the first step is to decide whether the party is entitled to recover attorney's fees and costs.[40] Here, Mr. Portillo affirmatively misled, and defrauded, his employer, such that he is not entitled to profit from his wrongdoing before this Court.[41] Because of Mr. Portillo's acts, he is precluded from asserting the right, under 29 U.S.C. § 216(b), to reasonable attorney's fees, to which he otherwise would have been entitled.[42] Furthermore, Mr. Portillo has moved for costs, which "should be allowed to the prevailing party," under Federal Rule of Civil Procedure 54(d)(1), "[u]nless . . . a court order provides otherwise." For the reasons outlined herein, the undersigned finds that Mr. Portillo is likewise not entitled to costs.

## **Conclusion and Recommendation**

For the foregoing reasons, it is recommended that the plaintiff's motion for attorney's fees and costs [Rec. Doc. 45] should be denied.

---

[38] *Id*. at *5. *Stabielli* explained that "[j]udicial estoppel is a common law doctrine that estops a party who has taken a sworn position in a previous action from asserting an inconsistent position in a subsequent action. Judicial estoppel does not protect litigants, but 'the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment.'" *Id*. at *2 (internal citations omitted).
[39] *Id*.
[40] *See Saizan, supra*, 448 F.3d at 799.
[41] *See McGregor, supra,* 3 F.3d at 865.
[42] *Ebeyer*, 114 Fed. Cl. at 550 (quoting *Carter*, 98 Fed. Cl. at 638).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[43]

Signed at Lafayette, Louisiana on this 28th day of September, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[43] *See Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).